THE STATE EX REL. COLEMAN, APPELLANT, *v.* SCHWARTZ ET AL.; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Coleman v. Schwartz,* 135 Ohio St.3d 423, 2013-Ohio-1702.]

*Workers' Compensation—Maximum medical improvement—Doctor's report as some evidence upon which Industrial Commission could rely—Limited examination did not render doctor's report unreliable—Appellate court's denial of writ of mandamus affirmed.*

(No. 2011-1572—Submitted March 12, 2013—Decided April 30, 2013.)

APPEAL from the Court of Appeals for Franklin County, No. 10AP-714, 2011-Ohio-3924.

_____

**Per Curiam**.

{¶ 1} Appellant, Benjamin Coleman, appeals the judgment of the Tenth District Court of Appeals denying his request for a writ of mandamus to require the Industrial Commission, appellee, to vacate its order terminating his compensation for temporary total disability and to issue a new order that his compensation be continued.

{¶ 2} The court of appeals concluded that the commission did not abuse its discretion when it terminated temporary total disability compensation based on the report of Dr. V.P. Mannava, who opined that the allowed conditions in Coleman's workers' compensation claim had reached maximum medical improvement.

{¶ 3} For the reasons that follow, we affirm.

{¶ 4} Coleman was employed as a window washer when he was injured in a motor-vehicle accident while driving a company truck on July 9, 1984. His

workers' compensation claim was originally allowed for cervical, thoracic, and lumbar strain; herniated cervical disc; cervical degenerative disc disease; and related conditions.

{¶ 5} On January 30, 2009, following an appeal to the Hamilton County Court of Common Pleas, his claim was amended to include the additional allowed condition of degenerative disc disease of the lumbar spine. As a result, Coleman filed a motion for temporary total disability compensation, to be effective beginning October 12, 2006, based on the report of his treating physician, Dr. Luis Pagani.

{¶ 6} A district hearing officer concluded that Coleman was unable to return to employment as a result of the newly allowed low-back condition and granted temporary total disability compensation to be effective beginning March 10, 2007.

{¶ 7} On December 31, 2009, Dr. Mannava performed an independent medical examination on behalf of the Bureau of Workers' Compensation. Dr. Mannava stated in his report that he accepted Coleman's allowed conditions and the objective findings in Coleman's medical records. Dr. Mannava reported that during the examination, Coleman complained of pain when his ankle reflex was checked and said that further examination of his body would cause him more pain.

{¶ 8} At that point, according to the report, Dr. Mannava stopped the examination and advised Coleman that if further examination was going to result in pain, there was no point in continuing the evaluation and causing him more problems or symptoms. In his report, Dr. Mannava stated in bold print: "**NOTE: There is absolutely nothing I did that should have caused any pain or discomfort, especially in the knee.**" He reported that Coleman "did not show any difficulties leaving our office [and] actually climbed up one-half flight of stairs at a rapid pace without any difficulty."

2

**{¶ 9}**   Dr. Mannava concluded:

[Based] on the available medical and limited evaluations today, there is no evidence of any specific change or indication for any new treatment plan.  There is no objective evidence to support any further fundamental, functional or physiological changes within reasonable medical probability in his conditions despite ongoing current treatment including any pain management by Dr. Pagani, rehabilitation or other procedures.

Despite today's limited evaluation in my opinion [based] on the above discussions and evidence he has reached maximum medical improvement.

**{¶ 10}** Based on Dr. Mannava's report, the bureau filed a motion to terminate Coleman's disability payments.  A district hearing officer determined that Coleman had reached maximum medical improvement and terminated temporary total disability compensation as of February 19, 2010.  A staff hearing officer affirmed.

**{¶ 11}** Coleman's complaint in mandamus alleged that the commission acted contrary to law when it relied on the report of Dr. Mannava.  According to Coleman, Dr. Mannava did not examine his low back for purposes of evaluating his lumbar degenerative disc disease and thus, the doctor's opinion was based on an incomplete medical evaluation and his report could not constitute some evidence upon which the commission could base its decision to terminate disability compensation.

**{¶ 12}** The court of appeals concluded that Dr. Mannava's report constituted some evidence upon which the commission could rely.  The court noted that Dr. Mannava had examined Coleman (albeit the exam was limited);

had reviewed Coleman's medical records; had observed his ability to walk, sit, and move around the office; and had specified that there was no indication of any new treatment plan. *State ex rel. Coleman v. Schwartz*, 10th Dist. No. 10AP-714, 2011-Ohio-3924, 2011 WL 3452123, ¶ 6-8. The court of appeals determined that Coleman had not demonstrated that the commission had abused its discretion when it terminated his temporary total disability compensation in reliance on Dr. Mannava's report. Accordingly, the court denied the writ. *Id*. at ¶ 8-9.

{¶ 13} Coleman's appeal as of right is now before the court.

{¶ 14} We must determine whether Dr. Mannava's limited examination prevented him from rendering an opinion that was sufficiently reliable to constitute some evidence to support the commission's decision.

{¶ 15} When the commission makes a determination regarding the extent of disability, it must consider every allowed condition in the claim. *State ex rel. Richardson v. Quarto Mining Co*., 73 Ohio St.3d 358, 359, 652 N.E.2d 1027 (1995). If a physician does not provide a complete evaluation of all the medical conditions, then that physician's report does not constitute some evidence upon which the commission may rely. *Id*. *See State ex rel. Shaffer v. Indus. Comm*., 10th Dist. No. 03AP-486, 2004-Ohio-3838, 2004 WL 1615063, ¶ 2 (concluding that the commission abused its discretion in denying an application for permanent total disability compensation based solely upon the medical report of a physician who had expressly declined to provide a complete evaluation and had recommended that the claimant be evaluated by an appropriate specialist).

{¶ 16} Here, the court of appeals correctly concluded that Coleman failed to demonstrate that Dr. Mannava's limited examination rendered his opinion unreliable. First, Dr. Mannava's report lists the allowed conditions, including the newly allowed lumbar condition that Coleman described to him. Second, the report lists the medical records that Dr. Mannava reviewed, including multiple MRIs of Coleman's lumbar spine, and the report indicates that he accepted the

objective findings in those records. He conceded that his examination had been limited due to Coleman's complaints of pain, but he nevertheless described his observations of Coleman moving around the office—walking, sitting, and getting on and off the exam table.

{¶ 17} Finally, the report identifies facts that support Dr. Mannava's conclusion, including the lack of a new or changed treatment plan and the lack of objective evidence of any "fundamental, functional or physiological changes within reasonable medical probability in his conditions despite ongoing current treatment including any pain management by Dr. Pagani, rehabilitation or other procedures."

{¶ 18} Consequently, we hold that Dr. Mannava's report was sufficiently reliable to constitute some evidence to support the commission's decision. Once the injured employee's allowed condition has reached maximum medical improvement, compensation for temporary total disability must be terminated. R.C. 4123.56(A). Thus, the commission did not abuse its discretion.

{¶ 19} We affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, and O'NEILL, JJ., concur.

FRENCH, J., not participating.

_____

Clements, Mahin & Cohen, L.P.A., Co., Edward Cohen, and Paul A. Lewandowski, for appellant.

Michael DeWine, Attorney General, and Stephen D. Plymale, Assistant Attorney General, for appellee.

_____